CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
September 18, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 2:21CR00002 |
| **v.** | ) | |
| | ) | **OPINION** |
| **DANIEL EUGENE ROWLAND,** | ) | |
| | ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

Defendant Daniel Eugene Rowland, a federal inmate proceeding without an attorney, filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, challenging his confinement under a judgment of this court. By Order entered August 3, 2026, Rowland was advised that his § 2255 Motion appears to be untimely filed under §2255(f) and was directed to submit additional argument and evidence regarding the timeliness of his § 2255 Motion within 28 days from entry of the Order. Order, Dkt. No. 378. He was specifically warned that failure to comply with the Order may result in dismissal of the § 2255 Motion. *Id.* at 2. More than 28 days have elapsed, and Rowland has not submitted information regarding the timeliness of his § 2255 Motion or otherwise responded to the August 3, 2026, Order.

A person convicted of a federal offense has one year to file a § 2255 Motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or

> laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a defendant files a direct appeal, his judgment becomes final when his opportunity to file a petition for a writ of certiorari expires. *United States v. Clay*, 537 U.S. 522, 525, 532 (2003). Here, Rowland's judgment of conviction was entered on January 27, 2022. He appealed, and the Fourth Circuit affirmed the judgment on April 19, 2023. Rowland did not file a petition for certiorari, and the time for him to do so expired on July 18, 2023, ninety days after the entry of the Fourth Circuit's decision. *Id.* at 527; U.S. Sup. Ct. R. 13(1). He then had one year to file a timely § 2255 Motion. However, his § 2255 Motion was not filed until July 29, 2026 — more than two years past the filing deadline.

Rowland was given the opportunity to explain why his Motion may be considered timely despite failing to file it within the requisite timeframe, but he did not submit any further information for consideration. Thus, I conclude that Rowland may have lost interest in prosecuting his Motion and will, therefore, deny it without prejudice. *See Burrell v. Shirley*, 142 F.4th 239, 249 (4th Cir. 2025) (providing that

Federal Rule of Civil Procedure 41(b) provides an explicit basis for courts to dismiss a case for failure to prosecute or comply with court orders).

For these reasons, the § 2255 Motion, Dkt. No. 377, will be denied without prejudice, and a separate Judgment will be entered.

ENTER: September 18, 2026

/s/ JAMES P. JONES
Senior United States District Judge